NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LEROY ALFONSO BRYAN, AKA Frederick Karl Jost, AKA Frederick Kirk Jost,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   20-72082<br><br>Agency No. A020-895-479<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Leroy Alfonso Bryan, a native and citizen of Jamaica, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due

process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d

532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual

findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny

the petition for review.

Bryan's contentions that the agency violated his right to due process fail.

*See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on

a due process claim); *see also Zetino v. Holder*, 622 F.3d 1007, 1014-15 (9th Cir.

2010) (rejecting petitioner's contentions that the IJ violated his right to due process

where the IJ provided petitioner a list of free legal service providers, petitioner had

an opportunity to obtain counsel, and the IJ developed a thorough factual record

during the proceedings).

The record does not compel the conclusion that Bryan established changed

or extraordinary circumstances to excuse his untimely asylum application. *See* 8

C.F.R. § 1208.4(a)(4)-(5). Thus, Bryan's asylum claim fails.

Substantial evidence supports the agency's determination that Bryan failed

to establish he suffered harm that rises to the level of persecution. *See Nagoulko v.

INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that

does not include every sort of treatment our society regards as offensive" (citation

and internal quotation marks omitted)).  Substantial evidence also supports the agency's determination that Bryan failed to establish a clear probability of future persecution in Jamaica.  *See id.* at 1018 (possibility of future persecution "too speculative").  Thus, Bryan's withholding of removal claim fails.

We do not address Bryan's contentions as to nexus and relocation because the BIA did not deny relief on those grounds.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's denial of CAT relief because Bryan failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Jamaica.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not consider the materials Bryan submitted with his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

To the extent Bryan requests, in his opening and reply briefs, reconsideration of the court's May 18, 2021, order denying reconsideration of the court's January 14, 2021, order denying a stay of removal, his request is denied.

**PETITION FOR REVIEW DENIED**.